UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| USMAN JALLOH,<br><br>    *Plaintiff*,<br><br>v.<br><br>ROBERT UNDERWOOD *et al.*,<br><br>    *Defendants*. | Civil Action No. 16-1613 (TJK) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Usman Jalloh filed this lawsuit under 42 U.S.C. § 1983 and the Constitution's Fourth Amendment against Defendants Robert Underwood, Arthur Kimball, Sean Miller, and Thomas Anderson. He alleges that Defendants—all police officers—violated his rights by beating and then maliciously prosecuting him. To summarize their encounter: after a brief discussion over whether Jalloh was properly parked, Officer Underwood alleges that Jalloh hit him with his ice cream truck (which Jalloh denies). Officer Underwood and Sergeant Kimball chased Jalloh from the District of Columbia into Maryland, and—by then joined by Officers Miller and Anderson—stopped him and forcibly removed him from his truck. Jalloh alleges that the officers then beat him and denied him proper medical care (which the officers deny). Jalloh was later charged in the Superior Court of the District of Columbia with assaulting a police officer while armed, fleeing, and reckless driving, but the case was eventually dismissed without prejudice. Officer Underwood and Sergeant Kimball, employed by the District of Columbia, and Officers Miller and Anderson, employed by Prince George's County, Maryland, have filed two separate motions for partial summary judgment. For the reasons below, both motions will be granted in part and denied in part.

**I.      Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if a dispute over it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To survive summary judgment, a plaintiff must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation omitted).

**II.     Analysis**

**A.      Count I—Excessive Force under the Fourth Amendment**

Jalloh asserts Count I against all Defendants, but only Officer Anderson moves for summary judgment.  ECF No. 1 ("Compl.") at 10.  Jalloh's excessive force claim against Officer Anderson turns on whether he used objectively reasonable force under the circumstances.  *See County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1546–47 (2017).  And even if he did not, to overcome qualified immunity, Jalloh must still show that Officer Anderson's conduct violated clearly established law of which a reasonable person would have known.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  To determine whether an officer's use of force was reasonable, the Court must consider various factors including: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).  "The calculus of reasonableness must embody allowance for the fact that

police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97.  A defendant's motion for summary judgment on a § 1983 excessive force claim "is to be denied only when, viewing the facts in the record and all reasonable inferences derived therefrom in the light most favorable to the plaintiff, a reasonable jury could conclude that the excessiveness of the force is so apparent that no reasonable officer could have believed in the lawfulness of his actions."  *Wardlaw v. Pickett*, 1 F.3d 1297, 1303 (D.C. Cir. 1993) (citing *Martin v. Malhoyt*, 830 F.2d 237, 253–54 (D.C. Cir. 1987)).

The parties agree that while Officer Anderson helped remove Jalloh from his truck, he did not participate in the beating that allegedly followed.  *See* Compl. at 6–7; ECF No. 63 at 3–7.  Therefore, Officer Anderson argues that—even accepting Jalloh's version of events—any force he used in removing Jalloh from the truck was reasonable and, in any event, he is entitled to qualified immunity.  ECF No. 54-1 at 7–12.

At the time Officer Anderson assisted in removing Jalloh from his truck, he knew that Jalloh had been accused of assaulting a police officer, and he had just completed a high-speed chase tracking him down.  ECF No. 54-1 at 9–10; ECF No. 54, Ex. F at 16:40:04 (showing a speed of 71 miles per hour).  Once Jalloh's truck stopped, Officer Anderson, along with two other officers, briefly reached in to forcibly pull him out and secure him on the ground, which was captured on video.  *See* ECF No. 54, Ex. F at 16:40:31–38.  Officer Anderson claims that he unbuckled Jalloh's seatbelt, while Jalloh asserts that he was not wearing a seatbelt and that the force used to remove him and "fling" him to the ground was excessive because the police could have allowed him to stand upright.  *See* ECF No. 63 at 7.  But even assuming Jalloh was not wearing a seatbelt, under the circumstances, it was reasonable for Officer Anderson to assume

3

that Jalloh might flee, resist, or try to injure the officers, and to take appropriate precautions. *See Graham*, 490 U.S. at 396. The Court has viewed the video of Officer Anderson participating in removing Jalloh from the truck and finds that Officer Anderson's actions were reasonable under the circumstances and did not violate the Fourth Amendment. *See Rogala v. District of Columbia*, 161 F.3d 44, 54 (D.C. Cir. 1998) (finding that an officer acted reasonably in pulling an arrestee from her car when she refused to get out); *Jackson v. District of Columbia*, 83 F. Supp. 3d 158, 169–171 (D.D.C. 2015). And because Officer Anderson did not violate Jalloh's rights by using excessive force, he is also entitled to qualified immunity on this count. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The Court will therefore grant summary judgment for Officer Anderson on Count I.

### B. Count II—Failure to Provide Medical Assistance under the Fourth Amendment

Count II alleges that all Defendants failed to provide Jalloh medical assistance during his beating. Compl. at 11–12. The parties' representations on this count are, to be frank, a bit of a mess. Officers Miller and Anderson (the "Maryland Defendants") have moved for summary judgment on this count. Officer Underwood and Sergeant Kimball (the "District Defendants") although at first joining the motion filed by the Maryland Defendants, later withdrew their motion as to this count. ECF No. 70 at 4–5. Further, the District Defendants represent that the parties have agreed that Jalloh is *not* pursuing this count against the Maryland Defendants, and only against them. ECF No. 56-1 at 2. And although Jalloh has not directly taken issue with this representation, he has opposed the Maryland Defendants' motion as to this count. In short, it is

unclear whether there is even a dispute related to Count II for the Court to decide, and in part for that reason, the Court will deny the motion without prejudice.

Before moving on, though, the Court notes that—even assuming Jalloh intends to pursue Count II against the Maryland Defendants—their argument does not necessarily suggest that summary judgment would be appropriate in their favor, even if it is correct in substance. They rely solely on *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239 (1983) to argue for summary judgment because Jalloh brought his claim under the Fourth Amendment, rather than the Fifth Amendment. ECF No. 54-1 at 12. In response, Jalloh, citing a lack of prejudice to the defendants, requests leave to amend his complaint if he cited the wrong amendment. ECF No. 63 at 8–9. Indeed, in *Revere*, even though the plaintiff incorrectly brought his medical care claim under the Eighth Amendment, the Court proceeded to analyze it under the Due Process Clause of the Fourteenth Amendment, rather than dismiss it for that reason. 463 U.S. at 244–245 & n.6; *cf. Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief' . . . they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.").

Moreover, whether Count II may be brought under the Fourth Amendment against either the Maryland Defendants or the District Defendants is an unsettled question that the parties have not briefed. After *Revere*, which said nothing about the Fourth Amendment, the Supreme Court clarified that the Fourth Amendment, not the Fourteenth Amendment, governs an arrestee's excessive force claims. *Graham*, 490 U.S. at 388. Since then, the D.C. Circuit has not addressed whether an arrestee's claim that authorities failed to provide him medical assistance may be grounded in the Fourth Amendment. Several courts in this District have analyzed such claims

(against police officers employed by the District of Columbia, to whom the Fourteenth Amendment does not apply) under the Due Process Clause of the Fifth Amendment, without addressing whether the Fourth Amendment may apply.[1]  *See, e.g.*, *Hargraves v. District of Columbia*, 143 F. Supp. 3d 68, 88–89 (D.D.C. 2015); *Hall v. Lanier*, 671 F. Supp. 2d 103, 106 (D.D.C. 2009); *Linares v. Jones*, 551 F. Supp. 2d 12, 16 (D.D.C. 2008).  And courts of appeals outside this jurisdiction appear to have split on whether the Fourth or Fourteenth Amendment governs an arrestee's claim that a police officer employed by a state failed to provide medical assistance.[2]  Notably, this "is not a purely academic question" because "the standards of liability vary significantly according to which amendment applies," which the Court need not recount here.  *Lanman v. Hinson*, 529 F.3d 673, 679–80 (6th Cir. 2008).[3]

For these reasons, the Court will deny the motion for summary judgment without prejudice as to Count II.  The Court will grant Jalloh leave to amend Count II, if he wishes, either

---

[1] Because the Fourteenth Amendment does not apply to the District of Columbia, the Fifth Amendment is the appropriate basis for any due process claim against the District Defendants.  *See Jordan v. District of Columbia*, 113 F. Supp. 3d 278, 281 (D.D.C. 2015).  Thus, the Court notes, the Maryland Defendants appear to have the invoked the wrong amendment in their motion, as least as Count II might apply to them.  *Revere* analyzed a failure to provide medical care claim under the Due Process Clause of the Fourteenth Amendment, not the Fifth Amendment; the Fourteenth Amendment would presumably govern any claim grounded in due process against them.  463 U.S. at 243–44; *see Massey v. Ojaniit*, 759 F.3d 343, 354 n.5 (4th Cir. 2014).

[2] *See, e.g.*, *McCowan v. Morales*, 945 F.3d 1276, 1290 & n.11 (10th Cir. 2019) (Fourteenth Amendment); *Awnings v. Fullerton*, 912 F.3d 1089, 1101–02 (8th Cir. 2019) (Fourteenth Amendment); *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) (Fourth Amendment); *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1099 (9th Cir. 2006) (Fourth Amendment).

[3] However, some courts have also applied *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2470 (2015)—which removed the subjective component of the standard used to evaluate claims of excessive force by pretrial detainees under the Fourteenth Amendment—to claims of failure to provide medical assistance as well.  *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir.

to clarify the legal basis for his claim or the Defendants against whom he asserts it. Then Defendants may, if they wish, move again for summary judgment on Count II.

### C.     Count III—Failure to Intervene Under the Fourth Amendment

Count III alleges a failure to intervene against all Defendants, who all move for summary judgment. Courts in this District have found police officers in violation of the Fourth Amendment on a theory of bystander liability if an officer "(1) knows that a fellow officer is violating an individual's constitutional right; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Jackson v. District of Columbia*, 327 F. Supp. 3d 52, 67 (D.D.C. 2018).

The District Defendants represent that the parties have agreed that Jalloh is not pursuing this count against them, and Jalloh does not contest this representation. ECF No. 56-1 at 2; ECF No. 69. Therefore, summary judgment is warranted in their favor. In addition, the Maryland Defendants have each moved to dismiss Count III.

Officer Anderson argues that he is entitled to summary judgment because Jalloh admits that Officer Anderson eventually intervened to stop the alleged beating. *See* ECF No. 54-1 at 13; ECF No. 54-4 at 59:16–60:9. But this concession does not entitle him to summary judgment. The video evidence establishes that Officer Anderson was present from the moment the officers pulled Jalloh from the truck. ECF No. 54, Ex. F, at 16:40:30. According to Jalloh, Officer Anderson watched while the other officers grabbed, beat, kicked, and punched him as he was

---

2018) (canvassing circuit split and joining the Second and Ninth Circuits in applying *Kingsley* to medical assistance claims while acknowledging that the Fifth, Eighth, and Eleventh Circuits have not); *Banks v. Booth*, No. 20-cv-849 (CKK), 2020 WL 1914896, at *5–6 (D.D.C. Apr. 19, 2020) (applying *Kingsley* to medical assistance claims). If *Kingsley* applies to medical assistance claims, then the liability standards under the Fourth and Fourteenth Amendments would be the same, mooting the question of which amendment governs.

lying on the ground, and only then intervened to prevent the beating from continuing. *See* ECF No. 54-4 at 59:1–60:2; ECF No. 63 at 3–4. Thus, in Jalloh's telling, Officer Anderson had an earlier chance to prevent harm to him and did not do so. The Court must therefore deny Officer Anderson's motion for summary judgment as to Count III.

Officer Miller fares better on this count. Jalloh testified that Officer Miller participated in his beating, and he does not claim to be confused as to which officers beat him or argue in the alternative that Officer Miller may have simply watched the beating. *See* ECF No. 63 at 3, 6, 9; ECF No. 54-4 at 59:16–60. At bottom, Jalloh offers nothing to suggest that a theory of bystander liability is appropriate as to Officer Miller. Therefore, the Court will grant Officer Miller's motion for summary judgment on Count III.

### D.   Count IV—Malicious Prosecution Under the Fourth Amendment

Count IV alleges malicious prosecution against all Defendants, who all move for summary judgment. Compl. at 13. "To support a § 1983 malicious prosecution claim . . . a plaintiff must plead facts establishing (1) that the defendant instituted or continued a criminal proceeding against the plaintiff; (2) that the proceedings terminated in favor of the plaintiff; and (3) that a predicate constitutional violation occurred as a result of the proceedings." *Turpin v. Ray*, 319 F. Supp. 3d 191, 202 (D.D.C. 2018).

The Maryland Defendants argue that they are entitled to summary judgment because they had no role in pursuing charges against Jalloh, and Jalloh concedes this point. ECF No. 63 at 9. Similarly, Sergeant Kimball represents that the parties have agreed that Jalloh is not pursuing this count against him, and Jalloh does not contest this representation. ECF No. 56-1 at 2; ECF No. 69. So to begin with, the Court will grant summary judgment on Count IV as to the Maryland Defendants and Sergeant Kimball.

Officer Underwood argues that summary judgment in his favor is appropriate as well, because (among other reasons) Jalloh has not shown that the prosecution against him terminated favorably. A favorable termination need not be an acquittal after a trial, but it must "reflect on the merits of the underlying action," which "normally requires a showing of dismissal with prejudice." *Thorp v. District of Columbia*, 142 F. Supp. 3d 132, 145 (D.D.C. 2015). On the other hand, where "dismissal is on technical grounds, for procedural reasons, it does not constitute favorable termination." *Ronkin v. Vihn*, 71 F. Supp. 3d 124, 138 n.14 (D.D.C. 2014) (cleaned up). Here, the judge dismissed the criminal proceedings against Jalloh *without* prejudice for want of prosecution, and—significantly for these purposes—over the government's objection. ECF No. 56-13 at 2. Such a dismissal is not a favorable termination that may support a malicious prosecution claim. Jalloh points out that his trial was delayed on a few occasions, and that his counsel filed a motion to dismiss because the government had failed to timely comply with its discovery obligations. *See* ECF No. 69 at 7–8. But these circumstances do not suggest that Jalloh was innocent or even that the government lacked the evidence to convict him. Moreover, the only case cited by Jalloh, *Clark v. District of Columbia*, 241 F. Supp. 3d 24 (D.D.C. 2017), does little to help him. In that case, the Court denied a motion to dismiss for failure to state a malicious prosecution claim where the plaintiff alleged that the government had "acknowledged that the charges against him were 'bogus'" upon moving to dismiss them. *Id.* at 35. But the government did not dismiss the charges here, nor is there any evidence that it made a similar acknowledgment, and Jalloh cannot rely on mere allegations to avoid summary judgment. Summary judgment is therefore warranted as to Officer Underwood on this count as well.

### III. Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Defendants Anderson and Miller's Motion for Summary Judgment, ECF No. 54, and Defendants Underwood and Kimball's Motion for Partial Summary Judgment, ECF No. 56, are each **GRANTED IN PART** and **DENIED IN PART**. Summary judgment on Count I is **GRANTED** as to Defendant Anderson. Summary judgment on Count II is **DENIED WITHOUT PREJUDICE** as to Defendants Miller and Anderson. Summary judgment on Count III is **GRANTED** as to Defendants Underwood, Kimball, and Miller, and **DENIED** as to Defendant Anderson. Summary judgment on Count IV is **GRANTED** as to all Defendants. It is further **ORDERED** that Plaintiff may move to amend Count II of the complaint by June 21, 2020, and Defendants may then renew their motion for summary judgment as to Count II by July 21, 2020. If Defendants do not renew their motion on Count II, the Court will promptly schedule a status conference to discuss a trial schedule.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: May 22, 2020