### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

USMAN JALLOH,

*Plaintiff*,

v.

Civil Action No. 16-1613 (TJK)

ROBERT UNDERWOOD *et al.*,

*Defendants*.

## <u>MEMORANDUM ORDER</u>

Plaintiff Usman Jalloh filed this lawsuit against Defendants Robert Underwood, Arthur Kimball, Sean Miller, and Thomas Anderson.  He alleges that Defendants—all police officers—violated his rights by beating and then maliciously prosecuting him.  To summarize their encounter: after a brief discussion over whether Jalloh was properly parked, Officer Underwood alleges that Jalloh hit him with his ice cream truck (which Jalloh denies).  Officer Underwood and Sergeant Kimball chased Jalloh from the District of Columbia into Maryland, and—by then joined by Officers Miller and Anderson—stopped him and forcibly removed him from his truck. Jalloh alleges that the officers then beat him and denied him proper medical care (which the officers deny).  Jalloh was later charged in the Superior Court of the District of Columbia with assaulting a police officer while armed, fleeing, and reckless driving, but the case was eventually dismissed without prejudice.

Officer Underwood and Sergeant Kimball, employed by the District of Columbia, and Officers Miller and Anderson, employed by Prince George's County, Maryland, have filed renewed motions for partial summary judgment directed at Count II of the Amended Complaint, which alleges that Defendants failed to provide Jalloh with medical assistance following his

arrest, in violation of the Fourth, Fifth, and Fourteenth Amendments.  For the reasons below,

both motions are granted.

## I.      Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  A fact is "material" if a dispute over it "might affect the outcome of the suit under

the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986).  To survive summary judgment, a plaintiff must "go beyond the pleadings and by her

own affidavits, or by the depositions, answers to interrogatories, and admissions on file,

designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*,

477 U.S. 317, 324 (1986) (internal quotation marks omitted).

## II.     Analysis

### A.      Officer Underwood and Sergeant Kimball's Motion

These Defendants argue that Jalloh must bring Count II under the Fifth, rather than

Fourth or Fourteenth Amendments, ECF No. 80-1 at 7–8.[1]  To begin with, they are correct that

---

[1] Officer Underwood and Sergeant Kimball also argue that Jalloh failed to seek leave of Court before filing his Amended Complaint.  ECF No. 80-1 at 6.  Counsel admits he should have so moved.  ECF No. 86 at 3.  But "leave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility."  *See Richardson v. United States*, 193 F.3d 545, 548–549 (D.C. Cir. 1999) (citation omitted).  The Court had already made clear in its prior opinion that it would "grant Jalloh leave to amend Count II" for the reasons discussed there.  ECF No. 72 at 6.  And allowing Jalloh leave to amend at this stage would not unduly delay the proceeding, substantially alter the scope and nature of the proceedings, or cause any prejudice to the parties.  The Court therefore grants Jalloh leave to file the Amended Complaint, *nunc pro tunc* to the date on which it was filed.

the Fourteenth Amendment does not apply to the District of Columbia, which employs them. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).  And Jalloh has waived any argument that the Fourth Amendment applies.  Although he continues to cite the Fourth Amendment as a basis for relief, ECF No. 75 ¶ 1, ¶ 69, he does not identify any law to support his Fourth Amendment claim nor has he responded to these Defendants' arguments.  When a plaintiff opposes a motion without addressing all of the movant's arguments, the court "may treat [the unaddressed arguments] as conceded."  *Hayes v. Dist. of Columbia*, 923 F. Supp. 2d 44, 49 (D.D.C. 2013) (granting summary judgment on denial of medical care claim where plaintiff forfeited arguments).

Even construed under the Fifth Amendment, though, Officer Underwood and Sergeant Kimball are entitled to summary judgment on Jalloh's failure to provide medical assistance claim in Count II.  The Fifth Amendment's due process clause creates an affirmative duty to provide medical care to an arrestee injured during an arrest.  *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Butera v. Dist. of Columbia*, 235 F.3d 637, 645 n.7 (D.C. Cir. 2001) (due process claims apply through the Fifth Amendment to the District of Columbia).  But to make out a substantive due process violation, the state actor's behavior must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  *Molina-Aviles v. Dist. of Columbia*, 824 F. Supp. 2d 4, 9–10 (D.D.C. 2011) (quoting *Cnty. of Sacramento* v. *Lewis*, 523 U.S. 833, 847 n.8 (1998)).  To show a due process violation in the context of failure to provide medical treatment, a state actor must show "deliberate indifference" to the arrestee's condition.  *Cnty. of Sacramento*, 523 U.S. at 850.  This "stringent" standard exists to

"differentiate substantive due process, which is intended only to protect against arbitrary government action, from local tort law." *Butera*, 235 F.3d at 651.

These Defendants are entitled to judgment as a matter of law on this claim.  Jalloh has failed to show that they exhibited conscience-shocking "deliberate indifference" to his medical needs.  Jalloh does not dispute Officer Underwood's claim that Jalloh spoke to paramedics who arrived on the scene.  ECF No. 80-7 ¶ 12; ECF No. 86 at 3.  Nor does Jalloh raise a genuine issue of fact about whether he even asked for medical attention.  In his response to these Defendants' supplemental statement of material facts as to which there is no genuine issue, Jalloh did not dispute that he "did not ask for medical assistance while he was at the scene." *See* ECF No. 80-7 ¶ 3; ECF No. 86 at 3.  And when asked in his deposition if he asked anyone there for medical help, he replied "No. I didn't."  ECF No. 54-4 at 162:3–8.[2]  Given these undisputed facts, these Defendants' actions, whatever other disputes may exist about them, cannot have constituted "deliberate indifference" that "may fairly be said to shock the contemporary conscience." *See also Hall v. Lanier*, 671 F. Supp. 2d 103, 106 (D.D.C. 2009) (dismissing unconstitutional denial of medical care claim where plaintiff spoke with officers at the arrest scene and did not request medical treatment).

### B.    Officers Miller and Anderson's Motion

Because they are employed by Prince George's County, Maryland, Officers Miller and Anderson argue that Jalloh must bring Count II under the Fourteenth (rather than the Fifth) Amendment, and they are correct. *City of Revere*, 463 U.S. at 244.  And although Count II

---

[2] Jalloh did purport to dispute this point in his response to Officer Miller and Anderson's statement of material facts as to which there is no genuine issue, but he cited no record evidence that creates such a dispute.  ECF No. 79-1 at 7; ECF No. 85 at 4.

references the Fourth Amendment in passing, Jalloh does not argue, or cite any case law for the proposition, that the Fourth Amendment provides a basis for this claim independent or different from the standards that apply to such a claim under the Fourteenth Amendment.  Under these circumstances, the Court finds that Jalloh has waived any Fourth Amendment arguments to support Count II.  *See Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") (citation omitted).

Like Officer Underwood and Sergeant Kimball, Officers Miller and Anderson are also entitled to summary judgment on Count II because no reasonable factfinder could conclude that their behavior violated the applicable stringent legal standard.[3]  To repeat, Jalloh does not dispute that he spoke to paramedics who arrived on the scene.  And he does not raise a genuine issue of material fact as to whether he even asked for medical attention.  Thus, he has not shown that these Defendants' actions could constitute "deliberate indifference" that "may fairly be said to shock the contemporary conscience."  *See also Hall*, 671 F. Supp. 2d at 106.

## III.    Conclusion and Order

For all these reasons, it is hereby **ORDERED** that Defendants' Renewed Motions for Summary Judgment, ECF No. 79 and 80, are **GRANTED**, and Count II of the Amended

---

[3] The Court is skeptical of these Defendants' argument that there is no genuine issue of material fact whether they had a duty to provide medical care to Jalloh because he was never in their custody.  *See* ECF No. 79-1 at 9.  They themselves do not dispute Jalloh's claim that he was placed in Officer Anderson's cruiser at some point, which suggests otherwise.  ECF No. 75 ¶ 35; ECF No. 79-1 at 6.

Complaint is **DISMISSED** as to all Defendants.  It is **FURTHER ORDERED** that the parties

shall meet, confer, and submit a joint status report by April 16, 2021, advising the Court as to the

parties' interest in settling or mediating the case before proceeding to set a pretrial conference

and trial date.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 2, 2021